**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

      Plaintiff,

vs.

Alex Victor Pena,

      Defendant.

No. CR 17-490-TUC-CKJ

    Pending before the Court is the Motion to Early Terminate Supervised Release (Doc. 74) filed by Alex Victor Pena ("Pena"). The probation officer has informed the Court she opposes the request. Pena also alternatively requests permission to travel to San Diego, California between July 2 and July 13, 2021, to attend his son's baseball tournament.[1]

    The Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. 3583(e)(1). These factors concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for restitution. *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298 *2 (E.D.Cal. 2012), (citations omitted). An offender has the burden to demonstrate that early termination

---

[1] Although the alternate request was not included in the caption of the motion, the Court will consider the request.

of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Federal "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]. Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ). Indeed, the Ninth Circuit has stated:

> A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997)); *United States v. Bauer*, No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D.Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR–04–40127, 2011 WL 704364, at *2 (N.D.Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

*United States v. Emmett*, 749 F.3d 817, 824 n. 2 (9th Cir. 2014). Further, because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

Here, the Court considers the circumstances of the offense and Pena's lack of criminal history prior to this offense. The Court also considers that Pena accepted responsibility in this case. The Court finds that, while an early termination is not inconsistent with policy statements of the Sentencing Commission,[2] an early termination of supervised release would not adequately deter criminal conduct or reflect the seriousness of the conviction. The Court also considers the opposition to the request by the probation officer.

The burden is on Pena to justify an early termination of supervised release. Pena has not shown any exceptionally good behavior or other changed circumstances to warrant a modification of his release. The Court finds Pena's statement the primary motivation behind the request is that he would like to freely travel to watch his son play baseball, considered along with Pena's behavior while on supervision, does not justify an early termination. The Court will deny the request for early termination of supervised release.

Alternatively, Pena requests the Court grant him permission to travel to San Diego, California between July 2 and July 13, 2021, attend his son's baseball tournament. The Court will grant the request.

Accordingly, IT IS ORDERED:

1. The Motion to Early Terminate Supervised Release (Doc. 74) is DENIED.

2. The request for permission for Pena to travel to San Diego, California between July 2 and July 13, 2021, to attend his son's baseball tournament is GRANTED.

3. Upon one week (five business days) notice to the probation officer and unless otherwise determined by the probation officer, Pena may travel to other future baseball tournaments in which his son participates.

---

[2] "[T]he Commission has not promulgated any guidelines or policy statements addressing early termination of supervised release, but limited its policy guidance to violations of supervised release." *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017) (citing U.S.S.G., Ch. 7, Pts. A & B).

4. The Clerk of Court shall provide a copy of this Order to U.S. Probation Officer Veronica Rivera.

DATED this 25th day of May, 2021.

_____
Cindy K. Jorgenson
United States District Judge